```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
GREGORIO DOMINGUEZ,

        Plaintiff,                         MEMORANDUM & ORDER

        -against-
                                           18-CV-5514(KAM)(JO)
ARCHITECTURAL SIGN GROUP, et al.,

        Defendants.
----------------------------------X
```

**KIYO A. MATSUMOTO, United States District Judge**:

On October 2, 2018, plaintiff Gregorio Dominguez ("plaintiff") commenced this action by filing a complaint, (ECF No. 1, "Compl." or the "complaint"), against defendants Architectural Sign Group, Inc. ("Architectural"), and Abbas Jaffer ("Jaffer," and together with Architectural, "defendants"), pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the New York Labor Law. (Compl. ¶¶ 1-2.) Defendants appeared through counsel on October 25, 2018, (ECF Nos. 12-13, Nots. of Appearance), and answered the complaint on December 18, 2018, (ECF No. 15, Answer). The parties then filed a notice of settlement on February 5, 2019, (ECF No. 21, Not. Settlement), filed a joint motion to approve the settlement on April 17, 2019, (ECF No. 26, Jt. Mot.), and filed a supplemental motion on May 16, 2019, (ECF No. 28, Supp. Mot.).

Magistrate Judge Orenstein issued a *sua sponte* Report

and Recommendation ("R&R") on May 17, 2019, "recommend[ing] that the court approve the proposed settlement," pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), with a minor modification regrading counsel's expenditures. (*See* Docket Order dated May 17, 2019). Plaintiff amended his motion to address Judge Orenstein's modification, and attached documentary support for his expenses. (ECF No. 29, Mot. Amend.) Accordingly, Judge Orenstein granted the motion to supplement and indicated plaintiff's attached support was sufficient. (*See* Docket Order dated May 17, 2019.) Judge Orenstein once again recommended the court approve the settlement, "conclud[ing] that it [wa]s fair and reasonable." (*Id.* (citing *Cheeks*, 796 F.3d at 199).) Finally, Judge Orenstein informed the parties that any objections to the R&R were to be filed by May 31, 2019, and that failure to file objections within the statutory period, *see* Fed. R. Civ. P. 72, "waives the right to appeal the district court's order." (*Id.*) No party filed any objections as of the date of this Order. The court now considers the parties' motion for settlement approval, requesting that the court approve the parties' settlement agreement and stipulation of dismissal pursuant to Federal Rule of Civil Procedure 41.

      Plaintiff alleges he is entitled to approximately $27,000 in damages for his FLSA and NYLL claims, in addition to

$10,000 in liquidated damages under NYLL, which the court understands is counsel's best estimate of plaintiff's maximum recovery allowable under law in this case. (Jt. Mot. 2.) The Settlement Agreement provides, in relevant part, that the parties will settle the action for a total sum of $25,000, of which $8,650 is payable to plaintiff's counsel as fees and costs, (Settlement Agreement ¶¶ 1, 3), with $475 representing counsel's costs, (Mot. Amend. 1). In addition to the $400 filing fee, counsel attached a copy of an office check for $75.00 payable to the process server in this action. (*Id.*, Ex. A, Check.) The remaining $16,350 of the settlement amount is payable to plaintiff. (Settlement Agreement ¶ 3.)

      The Settlement Agreement also includes mutual non-disparagement clauses that would limit plaintiff's and Jaffer's ability to make certain disparaging statements regarding the other parties, though it does not limit plaintiff's right "to make truthful statements about his experience litigating th[e] [case]." (Settlement Agreement ¶ 8.) The Settlement Agreement's release provision applies only to wage and hour claims under the FLSA, NYLL, and other laws regulating the payment of wages that were asserted or could have been asserted by plaintiff against Defendants until the date of the Agreement. (*Id.* ¶ 5.)

3

In reviewing a Report and Recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C). Where no objection to the Report and Recommendation has been filed, the district court "need only satisfy itself that that there is no clear error on the face of the record." *Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted)). The court thus reviews Judge Orenstein's R&R for clear error. Upon a clear error and de novo review of the record and Judge Orenstein's R&R, and considering that no party has objected to any of Judge Orenstein's recommendations, the court finds no clear error in the R&R and hereby affirms and adopts the R&R in part, reducing counsel's fees as follows.

As noted above and set forth in the Settlement Agreement and approval motion, plaintiff's counsel seeks an award of $8,650 in fees and costs: $475 of which represents costs; $8,175 of which represents counsel's fees. In determining the reasonableness of a requested fee award, "there is a strong presumption that the 'lodestar' amount – that is, the number of attorney hours reasonably expended times a reasonable hourly rate – represents a reasonable fee," though "the court

4

may adjust the fee upward or downward based on other considerations." *Wolinsky*, 900 F. Supp. 2d at 337-38 (collecting cases). Courts determine the reasonableness of an hourly rate on a number of factors, including:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Bogosian v. All Am. Concessions*, No. 06-CV-1633, 2012 WL 1821406, at *2 (E.D.N.Y. May 18, 2012) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 186 n.3 (2d Cir. 2008)).

Additionally, in an individual FLSA action (as opposed to a collective or class action) in which the parties settle the fee through negotiation, the "range of reasonableness" for attorneys' fees is greater than in a collective or class action, though courts must nevertheless carefully scrutinize the settlement, including to ensure that counsel's pecuniary interest "did not adversely affect the extent of relief counsel

5

procured for the client[]." *Wolinsky*, 900 F. Supp. 2d at 336 (quoting *Misiewicz v. D'Onofrio Gen. Contractors Corp.*, No. 08-CV-4377(KAM)(CLP), 2010 WL 2545439, at *5 (E.D.N.Y. May 17, 2010) and *Cisek v. Nat'l Surface Cleaning, Inc.*, 954 F. Supp. 110, 110-11 (S.D.N.Y. 1997)).

Counsel notes that his hourly rate is $375. (Supp. Mot. 1.) However, the fees he would be awarded under the settlement agreement, $8,175, represent an hourly rate in excess of $550 for 14.8 hours of legal work. "In recent cases in this district, the court has found hourly rates ranging from $200 to $450 for partners, $100 to $300 for associates and $70 to $100 for paralegal assistants to be reasonable." *Cohetero v. Stone & Tile, Inc.*, No. 16-CV-4420, 2018 WL 565717, at *4 (E.D.N.Y. Jan. 25, 2018) (citations omitted); *accord Hall v. Prosource Techs., LLC*, No. 14-CV-2502, 2016 WL 1555128, at *12-13 (E.D.N.Y. Apr. 11, 2016) (identifying a range of hourly rates prevailing in this District); *see also Ramos v. Nikodemo Operating Corp.*, No. 16-CV-1052(KAM)(JO), slip op. at 21 (E.D.N.Y. Aug. 7, 2017) ("Although the hourly billing rates ranging from $125 per hour for paralegals to $450 per hour for senior partners are somewhat on the high end of fee awards in this district, both are within the range awarded in wage and hour cases in this district." (citing *Hall*, 2016 WL 1555128, at *12-13)); *Lopic v. Mookyodong*

*Yoojung Nakjie, Inc.*, No. 16-CV-4179 (KAM)(CLP), slip op. at 32-33 (E.D.N.Y. Sept. 30, 2017) (surveying cases and noting that hourly rates approved in cases in this district "have ranged from $300 to $400 for partners, $200 to $300 for senior associates and $100 to $150 for junior associates" (citations omitted)).

The court notes that counsel's efforts in the instant action, resulting in a settlement solely on behalf of plaintiff Dominguez, do not appear to have involved any novel or difficult legal questions, nor does this action's prosecution appear to have required an unusually high level of skill. Further, there is no indication that this action has precluded counsel from taking on other employment or that the nature of the action or the client imposed significant constraints on counsel. The invoice indicates that the attorney-client relationship began in August 2018, and counsel's legal work on this case effectively concluded in April or May 2019, when counsel moved for settlement approval. (*See* ECF No. 28-1, Inv.) In the interim, counsel's work involved communication with plaintiff on an as-needed, and limited, basis, and did not involve ongoing legal advice or motion practice.

The court can see no reason why fees in excess of counsel's stated hourly rate of $375 are warranted in this case

based on the lack of complexity of the issues central to this case. Indeed, the case settled without much litigation at all; after a single telephone conference in February, the parties filed a notice of settlement within days. The parties are to be commended for promptly resolving this action. An hourly rate of $550 exceeds even the high-end of rates awarded to partners in this District. The court finds that $375 represents a reasonable hourly rate for counsel's fees in this case.

The court next considers the reasonableness of the number of hours expended by counsel in litigating this case. "For purposes of determining a reasonable fee, the number of hours billed must also be reasonable, and courts should not award fees for 'hours that were excessive, redundant, or otherwise unnecessary to the litigation.'" *Cohetero*, 2018 WL 565717, at *6 (quoting *Hall*, 2016 WL 1555128, at *13); *accord Cho v. Koan Med Servs. P.C.*, 524 F. Supp. 2d 202, 209 (E.D.N.Y. 2007). Where hours billed are excessive, courts may "set[] forth item-by-item findings concerning . . . individual billing items," *Hall*, 2016 WL 1555128, at *13 (quoting *Lunday v. Cty. of Albany*, 42 F.3d 131, 134 (2d Cir. 1994)), or may opt to "reduce an award by a specific percentage for duplicative, vague, or excessive billing entries." *Id.* (citing *In re Agent Orange Prods. Liab. Litig.*, 818 F.2d 226, 237 (2d Cir. 1987)).

8

Here, the invoice indicates that plaintiff's counsel spent 14.8 hours in total. None of the legal work appears duplicative, unnecessary, or administrative in nature. Thus, the court finds that the number of hours expended by counsel are reasonable. Multiplying counsel's reasonable rate of $375 by 14.8 hours expended yields a lodestar of $5,550. The $8,175 fee amount requested by counsel as part of the settlement agreement is greater than the lodestar amount, and accordingly, the court concludes that plaintiff's counsel's fee request is unreasonable. The court will reduce the award of attorneys' fees to $5,550.

Finally, in FLSA actions, "[c]ourts typically allow counsel to recover their reasonable out-of-pocket expenses." *Flores v. Mamma Lombardi's of Holbrook, Inc.*, 104 F. Supp. 3d 290, 316 (E.D.N.Y. 2015) (quoting *Viafara v. Mciz Corp.*, No. 12-CV-7452, 2014 WL 1777438, at *15 (S.D.N.Y. May 1, 2014)). Here, plaintiff's counsel provided documentary support for $475 in claimed costs or expenses in the form of an itemized list of expenses, including a $400 filing fee and $75 process server fee. The court concludes that this support is sufficient and typical of an action of this kind. *See id.* at 316. Further, the requested expense reimbursement is reasonable.

Reducing counsel's fees and expenses to $6,025 representing $5,550 in fees and $475 in costs, from $8,650, accordingly increases plaintiff's ultimate recovery to $18,975, or more than fifty percent of his maximum estimated recovery. The court finds this recovery by plaintiff is fair and reasonable. Finally, upon review, the Settlement Agreement appears to have been reached at arm's-length, and its releases are limited to wage and hour claims that were asserted or could have been asserted by plaintiff in this action and at any time prior to the date of the Settlement Agreement. (Settlement Agreement 4.) Finally, there is no provision in the Agreement that would limit plaintiff's ability to make truthful statements about his experience litigating this case. *See Lopez*, 96 F. Supp. 3d at 180 n.65 ("[A non-disparagement clause] must include a carve-out for truthful statements about plaintiffs' experience litigating their case. Otherwise, such a provision contravenes the remedial purposes of the [FLSA] and, in this context, is not 'fair and reasonable.'").

## CONCLUSION

For the reasons set forth above, the court adopts the R&R in part, approves the settlement agreement as modified herein, and reduces plaintiff's counsel's awarded fees. The court will allow an award of counsel's fees in the amount of

10

$5,550.00, costs in the amount of $475, and orders that the remaining $18,975 of the settlement amount be remitted to plaintiff immediately, to the extent it has not been already. In conjunction with this Order, the court will "so order" the executed stipulation of dismissal that the parties filed along with their motion for settlement approval.

**SO ORDERED.**

Dated:      October 17, 2019
               Brooklyn, New York

                                            /s/
                                 Hon. Kiyo A. Matsumoto
                                 United States District Judge